

09cv2002-LAB(JMA)
09cv2146-BEN(POR)
09cv2151-JAH(JMA)
09cv2156-BTM(POR)
09cv2178-BTM(CAB)
09cv2211-BEN(POR)
09cv2285-MMA(AJB)
09cv2267-LAB(JMA)
09cv2332-JM(BLM)

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE:                                              MDL DOCKET No. 2121

FRETTED MUSICAL INSTRUMENTS ANTITRUST
LITIGATION

## INTERESTED PARTY PLAINTIFFS WALTER WITHERSPOON d/b/a RACY BROTHERS ENTERPRIZES AND LIL WALT PRODUCTION'S RESPONSE TO PLAINTIFF DAVID GIAMBUSSO'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Interested Party Plaintiffs Walter Witherspoon d/b/a Racy Brothers Enterprizes

and Lil Walt Production ("Plaintiffs") submit this Response to Plaintiff David

Giambusso's Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. §

1407. Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation

("JPML") issue an order pursuant to 28 U.S.C. § 1407 for transfer and coordination or

consolidation for pretrial proceedings to the United States District Court for the Southern

District of California, before the Honorable Barry Ted Moskowitz, of all pending and

subsequently filed antitrust actions alleging that the National Association of Music

Merchants ("NAMM") and musical instrument and equipment manufacturers engaged in a price-fixing conspiracy. Plaintiffs state the following in support of their request:

1.      On October 7, 2009, a Motion for Transfer and Coordination or Consolidation was filed with the JPML. *In re* <u>Musical Instruments Antitrust Litigation</u>, MDL Docket No. 2121. In that motion, the movant sought to transfer and consolidate or coordinate "seven (7) antitrust class actions alleging a conspiracy to maintain, implement and/or enforce Minimum Advertised Pricing ("MAP") policies, with the effect of fixing prices in the market for musical instruments such as acoustic and electric guitars, violins, amplifiers and strings ("Fretted Instruments") in violation of Section 1 of the Sherman Act." <u>Id</u>. Importantly, this motion was expressly limited to fretted instruments.

2.      Five (5) days before the October 7, 2009 Motion for Transfer was filed with the JPML, Plaintiffs filed a lawsuit against the National Association of Music Merchants ("NAMM"), Guitar Center, Inc., and various other defendants, including Fender Musical Instruments Company, Gibson Musical Instruments Corporation, Peavey Electronics, Bain Capital, LLC, C.F. Martin & Co., Inc., Korg USA, Inc., Roland Corporation U.S., Yamaha Corporation of America, TASCAM, and TEAC, on October 2, 2009. In that case, Plaintiffs sued "on behalf of themselves and all other persons or entities similarly situated throughout the United States who purchased or leased for use and not resale, guitars, fretted instruments, keyboards, drums, audio equipment, and/or recording equipment that were manufactured by the Defendant Manufacturers during the period beginning January 1, 2002 through the trial of this matter."

3.      Since the beginning of September 2009, NAMM, Guitar Center, Inc., and other defendant manufacturers have been named as defendants in seventeen (17) actions

2

pending in three different federal jurisdictions, referred to collectively as "Actions": Giambusso v. NAMM, Inc., *et al.*, Case No. 3:2009cv02002 (S.D. Cal.); Allen Hale v. Guitar Center, Inc., *et al.*, Case No. 2:2009cv06897 (C.D. Cal.); Mark O'Leary v. Guitar Center, Inc., *et al.*, Case No. 2:2009cv07015 (C.D. Cal.); Giles v. Guitar Center, Inc., *et al.*, Case No. 3:2009cv02146 (S.D. Cal.); Collins v. Guitar Center, Inc., *et al.*, Case No. 3:2009cv02151 (S.D. Cal.); Teller v. Guitar Center, Inc., Case No. 1:2009cv06104 (N.D. Ill.); Keel v. Guitar Center, Inc., *et al.*, Case No. 3:2009cv02156 (S.D. Cal.); Witherspoon v. NAMM, Inc., *et al.*, Case No. 3:2009cv02178 (S.D. Cal.); Niranjan Parikh v. Guitar Center, Inc., *et al.*, Case No. 2:2009cv07254 (C.D. Cal.); Ramsey et al. v. NAMM, Inc., *et al.*, Case No. 3:2009cv02211 (S.D. Cal.); Mac Williamson v. Guitar Center, Inc. *et al.*, Case No. 2:09cv07375 (C.D. Cal.); Sepulveda v. Guitar Center, Inc., *et al.*, Case No. 3:09cv02267 (S.D. Cal.); Paradise v. National Association of Music Merchants, Inc., *et al.*, Case No. 3:09cv2285 (S.D. Cal.); Bohl v. National Association of Music Merchants, Inc., *et al.*; Case No. 3:2009cv02332 (S.D. Cal.); Manyin v. Guitar Center, Inc., *et al.*, Case No. 1:2009cv01950 (D.D.C.); Cervantes v. Guitar Center, Inc., *et al.*, Case No. 2:2009cv07526 (C.D. Cal.); Poff v. Guitar Center, Inc., *et al.*, Case No. 2:009cv07614 (C.D. Cal.).

4.    The October 7, 2009 motion in MDL Docket No. 2121 omitted at least three (3) other recently filed cases that contain remarkably similar but also broader factual allegations and bring common causes of action against the same defendants: Witherspoon v. NAMM, Inc., *et al.*, Case No. 3:2009cv02178 (S.D. Cal.); Niranjan Parikh v. Guitar Center, Inc., *et al.*, Case No. 2:2009cv07254 (C.D. Cal.); Ramsey et al. v. NAMM, Inc., *et al.*, Case No. 3:2009cv02211 (S.D. Cal.).

5.      Importantly, the class of plaintiffs referenced in the motion in MDL Docket No. 2121 does not encompass Plaintiffs here, who are individuals or entities who purchased or leased for use and not resale, keyboards, drums, audio equipment, and/or recording equipment that were manufactured by the Defendant manufacturers. Further, it does not include numerous other companies who manufacture musical instruments and equipment at issue in Plaintiffs' case. Thus, Plaintiffs' Complaint involves different facts and different law. Plaintiffs have also sued under state law. The class of plaintiffs referenced in the motion in MDL Docket No. 2121, and the claims they assert, are a subset of the class of plaintiffs and claims included within Plaintiffs' case.

6.      Therefore, Plaintiffs respectfully request that the Actions be transferred and consolidated or coordinated in the Southern District of California, before the Honorable Barry Ted Moskowitz, for pre-trial proceedings **for a class of plaintiffs who purchased or leased for use and not resale all musical instruments and equipment at issue, namely guitars, fretted instruments, keyboards, drums, audio equipment, and/or recording equipment**.

7.      Further, Plaintiffs respectfully submit that the class referenced in MDL Docket No. 2121 is too narrowly drawn to purchasers of fretted instruments, and will nullify a substantial and significant number of plaintiffs who have been harmed by the same anticompetitive conduct of NAMM, Guitar Center, Inc., and other named defendant manufacturers. Plaintiffs anticipate that a much broader set of cases involving plaintiffs who bought musical instruments, equipment or products, other than fretted instruments, will follow. See, *e.g.*, Witherspoon v. NAMM, Inc., *et al.*, Case No. 3:2009cv02178

4

(S.D. Cal.); <u>Niranjan Parikh v. Guitar Center, Inc.</u>, <u>et al.</u>, Case No. 2:2009cv07254 (C.D. Cal.); <u>Ramsey <u>et al.</u> v. NAMM, Inc.</u>, <u>et al.</u>, Case No. 3:2009cv02211 (S.D. Cal.).

8.     The Actions share a nearly identical core of factual allegations.  The plaintiffs in the Actions are businesses and consumers who allege that they paid artificially inflated prices as the result of a concerted effort and conspiracy by NAMM to coordinate retail pricing in the musical instrument and equipment industry.  NAMM and other named Defendants, including Guitar Center, Inc., allegedly engaged in a conspiracy to inflate and fix the prices of musical products, including musical instruments and sound and audio recording equipment, to the detriment of consumers.  Defendant Guitar Center, Inc. is the largest retailer named as a defendant in the Actions.  As part of the alleged illegal conspiracy, the Defendants exchanged sensitive price information for musical products and agreed to adhere to minimum advertised pricing ("MAP") or minimum resale price maintenance ("RPM") agreements, which led to increased prices for consumers across the county.  This coordinated and collusive effort between NAMM, Defendant Guitar Center and the other Defendant musical instrument and equipment manufacturers began in approximately 2001 and culminated in a United States Federal Trade Commission ("FTC") investigation of illegal behavior in a time period from 2005 through 2007 during winter and summer trade shows held by Defendant National Association of Music Merchants ("NAMM").  As a result of that investigation, the FTC issued a cease and desist order against NAMM.

9.     The Actions contain common or overlapping causes of action that relate to NAMM's price fixing conspiracy.  The plaintiffs in the Actions bring claims under

federal antitrust law, various state antitrust and consumer protection statutes, and for common law restitution and unjust enrichment.

10.     The United States District Court for the Southern District of California is the appropriate transferee Court.

a.     Nine (9) of the Actions were originally filed in the Southern District of California. Two (2) of these Actions are currently pending before the Honorable Barry Ted Moskowitz.

b.     A substantial part of the events giving rise to the plaintiffs' claims in the Actions occurred in the Southern District of California. Defendants NAMM and Guitar Center, Inc., have transacted business and their affairs in the Southern District of California and have committed many of the acts complained of in that district.

c.     NAMM, with its principal place of business located at 5790 Armada Drive, Carlsbad, California 92008, is headquartered in the Southern District of California. In addition, Guitar Center, Inc., is headquartered in California, with its principal place of business located at 5795 Lindero Cyn Road, Westlake Village, California 91362.

d.     Because NAMM is headquartered in the Southern District of California and both NAMM and Guitar Center, Inc. have transacted business and affairs in the Southern District of California, many of the relevant witnesses and documents will be located within that District. Further, the Southern District of California is conveniently accessible and well-equipped for complex litigation.

e.     A single, coordinated or consolidated pre-trial program involving all musical instruments and equipment, including other manufacturers, will promote justice,

efficiency, and convenience for all parties.  Therefore, it is appropriate for a separate MDL tract involving musical instruments and equipment be established.

11.    Transfer and coordination or consolidation of the Actions in a single court for pre-trial proceedings for a **class of plaintiffs who are individuals or entities who purchased or leased for use and not resale, <u>guitars, fretted instruments, keyboards, drums, audio equipment, and/or recording equipment</u>** that were manufactured by the named defendant manufacturers will best promote convenience to the parties, the witnesses, and the courts, and maximize judicial efficiency.  Without transfer and consolidation, duplicative discovery and disputes over discovery would most likely occur, resulting in excessive costs to all parties and demands on the Court's time. Inconsistent pre-trial rulings would likely result for plaintiffs harmed by the same anticompetitive conduct if the same substantive legal questions are decided differently in the three federal jurisdictions where the Actions are currently pending.

**WHEREFORE**, for all of the above reasons, Plaintiffs respectfully request that the Panel order the transfer and coordination or consolidation of the Actions, as well as any future actions that may be classified as proper "tag along" actions under Rule 7.5, in the United States District Court for the Southern District of California, before the Honorable Barry Ted Moskowitz.

Dated this ____ th day of November, 2009.

Respectfully submitted,

Michael L. Roberts
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223
Telephone: (501) 821-5575
Facsimile: (501) 821-4474
robertslawfirm@aristotle.net

Mark A. Maasch (CSB#120637)
TURNER & MAASCH, INC.
550 West C Street, Suite 1160
San Diego, California 92101
Telephone (619) 237-1212
Facsimile (619) 237-0325

Lance A. Harke, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue
Suite 600
Miami, Florida 33130
Phone: (305) 536-8222

*Attorneys for Plaintiffs*
*Walter Witherspoon*
*dba Racy Brothers Enterprizes*
*and Lil Walt Production*

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle, Suite 4600
Chicago, Illinois 60602
Phone: (312) 621-2000

*Of Counsel*

8