

```
09cv2002-LAB(JMA)
09cv2146-BEN(POR)
09cv2151-JAH(JMA)
09cv2156-BTM(POR)
09cv2178-BTM(CAB)
09cv2211-BEN(POR)
09cv2285-MMA(AJB)
09cv2267-LAB(JMA)
09cv2332-JM(BLM)
```

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: FRETTED MUSICAL INSTRUMENTS ANTITRUST LITIGATION | MDL DOCKET NO. 2121 |

| | |
|---|---|
| IN RE: NATIONAL ASSOCIATION OF MUSIC MERCHANTS, MUSICAL INSTRUMENTS AND EQUIPMENT ANTITRUST LITIGATION | MDL DOCKET NO. 2127 |

**JOINT RESPONSE OF PLAINTIFFS KENNETH MANYIN, RICHARD TABAS, RUSSELL MELTON AND JON BANDISH TO THE MOTION OF PLAINTIFFS WALTER WITHERSPOON D/B/A RACY BROTHERS ENTERPRIZES AND LIL WALT PRODUCTION, AND PLAINTIFFS' OPPOSITION TO THE CREATION OF MDL DOCKET NO. 2127 AS SEPARATE FROM MDL DOCKET NO. 2121**

## I. INTRODUCTION

Plaintiffs Kenneth Manyin, Richard Tabas, Russell Melton and Jon Bandish ("Plaintiffs") respectfully submit this Joint Response to Plaintiffs Walter Witherspoon

d/b/a Racy Brothers Enterprizes and Lil Walt Production's ("Witherspoon") Motion for Transfer and Consolidation or Coordination in the Southern District of California and Opposition to the Creation of MDL Docket No. 2127 as Separate from MDL Docket No. 2121.[1] Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation ("the Panel") deny Witherspoon's motion as the separate MDL they request is duplicative of MDL No. 2121, *In re Fretted Musical Instruments Antitrust Litigation*. Plaintiffs also renew their request in MDL No. 2121 that the Panel issue an order pursuant to 28 U.S.C. § 1407 for transfer and coordination or consolidation in the United States District Court for the District of Columbia ("DC District").

## II. ARGUMENT

28 U.S.C. § 1407 authorizes the centralization of civil actions pending in different federal district courts involving common questions of fact in a single federal district court for coordinated or consolidated pretrial proceedings:[2]

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or

---

[1] Plaintiffs' complaints are captioned as follows: *Kenneth Manyin v. Guitar Center, Inc. ("Guitar Center"), Yamaha Corporation of America ("Yamaha"), Fender Musical Instruments Corporation ("Fender"), Gibson Guitar Corporation ("Gibson"), National Association of Music Merchants, Inc. ("NAMM"), and JOHN DOES 1-100* (United States District Court for the District of Columbia Docket No. 1:09-cv-01950); *Richard Tabas v. Guitar Center, Inc., Yamaha Corporation of America, Fender Musical Instruments Corporation, Gibson Guitar Corporation, National Association of Music Merchants, Inc., and JOHN DOES 1-100* (United States District Court for the District of Columbia Docket No. 1:09-cv-02019); *Russell D. Melton v. Guitar Center, Inc., Yamaha Corporation of America, Fender Musical Instruments Corporation, Gibson Guitar Corporation, National Association of Music Merchants, Inc., and JOHN DOES 1-100* (United States District Court for the District of Columbia Docket No. 1:09-cv-02002); and *Jon Bandish v. Guitar Center, Inc., National Association of Music Merchants, Inc., Yamaha Corporation of America, Fender Musical Instruments Corporation, Gibson Guitar Corporation, and JOHN DOES 1-100* (United States District Court for the District of Columbia Docket No. 1:09-cv-01984).

[2] The degree and manner of any coordination or consolidation of transferred proceedings is within the sole discretion of the transferee court. *See, e.g., In re General Motors Corp. Secs. & Derivative Litig.*, 429 F. Supp.2d 1368, 1370 (J.P.M.L. 2006); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 403 F. Supp.2d 1358, 1360 (J.P.M.L. 2005).

>consolidated pretrial proceedings. Such transfers shall be
>made by the judicial panel on multidistrict litigation
>authorized by this section upon its determination that
>transfers for such proceedings will be for the convenience
>of parties and witnesses and will promote the just and
>efficient conduct of such actions.

28 U.S.C. § 1407. Witherspoon himself acknowledges the "common causes of action" that give rise to both MDL No. 2121 and MDL No. 2127, and that his complaint and others "contain remarkably similar...allegations...against the same defendants..." In fact, the main difference between MDL No. 2121 and the more recent 2127, created at Witherspoon's request, is that MDL No. 2127 involves case(s) seeking to represent a class of individuals who purchased a broader range of fretted instruments than are the subject of MDL No. 2121, including keyboards, drums, audio equipment, and/or recording equipment. Thus, as Witherspoon again admits, the "class of plaintiffs referenced in the motion in MDL Docket No. 2121...are a subset of the class of plaintiffs" in MDL No. 2127. Further, Witherspoon argues that the complaints encompassed in MDL No. 2121 contain proposed classes that do not extend to all musical products. However, this is incorrect, e.g., the *Giles* complaint seeks to represent "all persons and entities that purchased an acoustic or electric guitar, drum sets, keyboard, mixer, amplifier or related accessory ('Music Products')."[3]

**A.     MDL No. 2127 Should Be Consolidated with MDL No. 2121**

   **1.     Allowing MDL No. 2127 to Proceed will Delay MDL No. 2121**

"The Panel is reluctant to transfer a case after significant proceedings have occurred or if the motion appears to be motivated by a desire for delay or change of judges." *Manual for Complex Litigation, Third*, 31.131. While Witherspoon's motion

---

[3] See *Colby Giles v. Guitar Center, Inc. and National Association of Music Merchants. Inc.*, Docket No. 09-cv-02146 (S.D.Cal.) at Intro. and Class Definition.

seeks transfer to the Southern District of California, he requests that the cases go to the Honorable Barry Ted Moskowitz, as opposed to the Honorable Allen Burns, who was the Judge assigned to the first filed action in that same district.[4] Whatever the motives behind the Witherspoon motion, the cases in MDL No. 2127 are nothing more than tag-along actions to MDL No. 2121. Continuing to pursue two separate, almost identical MDL cases will likely delay MDL No. 2121, as MDL No. 2121 is on the Panel's docket for a November 19, 2009 hearing; the responses in MDL No. 2127 are not due until November 23, 2009 and a hearing would not be held until January 2010. Thus, the assigned transferee court will have to wait for resolution of the MDL No. 2127 cases before the MDL No. 2121 cases can move forward (the transferee court will likely recognize that all these cases are closely related and should be dealt with in one consolidated action). Therefore, allowing the duplicative MDL No. 2127 to proceed will likely cause at least a two month delay in organizing this case.

2. **The Existence of Tag-Along Cases in a Separate MDL Could Create Unnecessary Inefficiency**

Allowing two nearly identical sets of cases to proceed in different MDL actions has the potential to result in duplicative proceedings with the potential for disparate rulings. *See In re Value Line Special Situations Fund Litig.*, 334 F. Supp. 999, 1000 (J.P.M.L. 1971)("Unless...conflicting overlapping claims of class representation are presented to one judge, inconsistent determinations might result."). Faced with a similar scenario in *In re Urethane Antitrust Litig.*, 232 F.R.D. 681 (D. Kansas 2005), the Panel transferred three later-filed actions involving different urethane products to the same

---

[4] Plaintiffs seek transfer to the DC District as it "is the site of the occurrence of the common facts." *See Manual for Complex Litigation, Third*, 31.131. All the complaints filed in the two MDLs revolve around the Federal Trade Commission ("FTC") action that was brought in Washington D.C. Therefore, the DC District is the most appropriate transferee forum.

4

transferee forum that it had previously transferred numerous urethane lawsuits. The transferee judge then dealt with the issues of consolidation and coordination.

Allowing MDL No. 2127 to proceed would be inefficient and a waste of judicial resources, and would run counter to the main benefit of the MDL process, which promotes judicial efficiency.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel deny Witherspoon's motion, as MDL No. 2127 is duplicative of MDL No. 2121. Plaintiffs renew their request that the Panel transfer this litigation in its entirety to the DC District for coordinated or consolidated proceedings.

November 13, 2009

Jeffrey L. Kodroff
Jeffrey J. Corrigan
Jay S. Cohen
Jonathan M. Jagher
**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
Email:  JKodroff@srkw-law.com
         JCorrigan@srkw-law.com
         JCohen@srkw-law.com
         JJagher@srkw-law.com

*Attorneys for Plaintiffs Kenneth Manyin and Richard Tabas*

Michael D. Hausfeld (D.C. Bar No. 153742)
Hilary K. Scherrer (D.C. Bar No. 481465)
**HAUSFELD LLP**
1700 K Street, NW
Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
Email:  mhausfeld@hausfeldllp.com
         hscherrer@hausfeldllp.com

*Attorneys for Plaintiffs Kenneth Manyin, Richard Tabas and Russell Melton*

Mark Reinhardt
Garrett D. Blanchfield, Jr.
**REINHARDT WENDORF & BLANCHFIELD**
E1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101
Tel: (651) 287-2100
Fax: (651) 287-2103
Email:  m.reinhardt@rwblaw.firm.com
         g.blanchfield@rwblawfirm.com

Gary B. Friedman
**FRIEDMAN LAW GROUP LLP**
270 Lafayette Street, 14th Floor
New York, NY 10012
Tel: (212) 680-5150
Email:  GFriedman@flgllp.com

*Attorneys for Plaintiff Russell Melton*

Donna F. Solen
**MASON LLP**
1625 Massachusetts Avenue, NW
Suite 605
Washington, D.C. 20036
Tel: (202) 429-2290
Email:  Dsolen@masonlawdc.com

Brian P. Murray
Lee Albert
Brian D. Brooks
**MURRAY, FRANK & SAILER LLP**
275 Madison Avenue, 8th Floor

New York, NY 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
Email: bmurray@murrayfrank.com
lalbert@murrayfrank.com
bbrooks@murrayfrank.com

*Attorneys for Plaintiff Jon Bandish*

Jeffrey S. Goldenberg
**MURDOCK GOLDENBERG SCHNEIDER & GROH, LPA**
35 East Seventh Street, Suite 600
Cincinnati, OH  45202
Telephone:  (513) 345-8291
Facsimile:   (513) 345-8294
Email: jgoldenberg@mgsglaw.com

Mark S. Goldman
Brian D. Penny
**GOLDMAN SCARLATO & KARON, P.C.**
101 West Elm Street – Suite 360
Conshohocken, PA  19428
Telephone:  (484) 342-0700
Facsimile:   (484) 342-0701
Email: Goldman@gsk-law.com

John P. McCarthy
**LAW OFFICES OF JOHN P. McCARTHY**
217 Bay Avenue
Somers Point, NJ  08244
Telephone:  (609) 653-1094
Facsimile:   (609) 653-3029
Email: jpmcc57@aol.com

Philip A. Steinberg, Esquire
124 Rockland Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 664-0972
Facsimile:   (610) 664-3101
Email: pasteinbe@aol.com

*Attorneys for Plaintiff Richard Tabas*