

FILED
NOV 18 2009
SOUTHERN DISTRICT OF CALIFORNIA

# BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: FRETTED INSTRUMENTS ANTITRUST LITIGATION | MDL DOCKET NO. 2121 | 09cv2002-LAB(JMA)<br>09cv2146-BEN(POR)<br>09cv2151-JAH(JMA)<br>09cv2156-BTM(POR)<br>09cv2178-BTM(CAB)<br>09cv2211-BEN(POR)<br>09cv2285-MMA(AJB)<br>09cv2267-LAB(JMA)<br>09cv2332-JM(BLM) |
| IN RE: NATIONAL ASSOCIATION OF MUSIC MERCHANTS, MUSICAL INSTRUMENTS AND EQUIPMENT ANTITRUST LITIGATION | MDL DOCKET NO. 2127 | |

### JOINT RESPONSE OF PLAINTIFFS BRYAN ROACH, BRANDON ARMSTRONG, KEVIN GAGNEPAIN, AND JERRY JOST TO THE MOTION OF PLAINTIFFS WALTER WITHERSPOON D/B/A RACY BROTHERS ENTERPRISES AND LIL WALT PRODUCTIONS, AND PLAINTIFFS' OPPOSITION TO THE CREATION OF MDL DOCKET NO. 2127 AS SEPARATE FROM MDL DOCKET TO 2121

### I. INTRODUCTION

Plaintiffs Bryan Roach, Brandon Armstrong, Kevin Gagnepain and Jerry Jost ("Plaintiffs") respectfully submit this Joint Response to Plaintiffs Walter Witherspoon d/b/a Racy Brothers Enterprises and Lil Walt Production's ("Witherspoon") Motion for Transfer and Consolidation or Coordination in the Southern District of California and Opposition to the Creation of MDL Docket No. 2127 as separate from MDL Docket No. 2121.[1] Plaintiff's respectfully request that the Judicial Panel on Multidistrict Litigation ("the panel") deny Witherspoon's Motion as the separate MDL they request is duplicative of MDL no. 2121, *In re Fretted Musical Instruments Antitrust Litigation*. Plaintiffs also

---

[1] Plaintiff Bryan Roach's case was filed on October 30, 2009 in the Eastern District of Texas. *Bryan Roach v. National Association of Music Merchants, Inc., et al* E.D. TX. Case No.1:09-cv-940. Plaintiff Brandon Armstrong's case was filed on October 30, 2009 in the Eastern District of Texas. *Brandon Armstrong v. National Association of Music Merchants, Inc., et al* E.D. TX. Case No. 1:09-cv-942.

renew their request in MDL No. 2121 that the Panel issue an order pursuant to 28 U.S.C. § 1407 for transfer and coordination or consolidation in the United States District Court for the Eastern District of Texas.

## II. ARGUMENT

28 U.S.C. § 1407 authorizes the centralization of civil actions pending in different federal district courts involving common questions of fact in a single federal district court for coordination or consolidated pretrial proceedings.

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407.

Witherspoon himself acknowledges the "common causes of action" that give rise to both MDL No. 2121 and MDL No. 2127, and that his complaint and others "contain remarkably similar...allegations...against the same defendants..." In fact, the main difference between MDL No. 2121 and the more recent 2127, created at Witherspoon's request, is that MDL No. 2127 involves cases(s) seeking to represent a class of individuals who purchased a broader range of fretted instruments than are the subject of MDL No. 2121, including keyboards, drums, audio equipment, and/or recording equipment. Thus, as Witherspoon again admits, the "class of plaintiffs referenced in the motion in MDL Docket No. 2121...are a subset of the class of plaintiffs" in MDL No. 2127. Further, Witherspoon argues that the complaints encompassed in MDL No. 2121 contain proposed classes that do not extend to all musical products. However, this is

incorrect, e.g. the *Giles* complaint seeks to represent "all persons and entities that purchased an acoustic or electric guitar, drum sets, keyboard, mixer, amplifier or related accessory ("Music Products").[2]

## A.   MDL No. 2127 Should Be Consolidated with MDL No. 2121

### 1.   Allowing MDL No. 2127 to Proceed will Delay MDL No. 2121

"The Panel is reluctant to transfer a case after significant proceedings have occurred or if the motion appears to be motivated by a desire for delay or change of judges." *Manual for Complex Litigation, Third,* 31.131. While Witherspoon's motion seeks transfer to the Southern District of California, he requests that the cases go to the Honorable Barry Ted Moskowitz, as opposed to the Honorable Allen Burns, who was the judge assigned to the first filed action in that same district.[3]

Whatever the motives behind the Witherspoon motion, the cases in MDL No. 2127 are nothing more that tag-along actions to MDL No. 2121. Continuing to pursue two separate, almost identical MDL cases will likely delay MDL No. 2121, as MDL No. 2121 is on the Panel's docket for a November 19, 2009 hearing; the responses in MDL No. 2127 are not due until November 23, 2009 and a hearing would not be held until January 2010. Thus, the assigned transferee court will have to wait for resolution of the MDL No. 2127 cases before the MDL No. 2121 cases can move forward, as the transferee court will likely recognize that the cases are closely related and should be dealt with in one consolidated action. Therefore, allowing the duplicative MDL No. 2127 to proceed will likely cause at least a two month delay in organizing this case.

---

[2] *See Colby Giles v. Guitar Center, Inc. and National Association of Music Merchants, Inc.*, Docket No. 09-cv-02146 (S.D.Cal) at intro and class definition.
[3] Plaintiffs seek transfer to the Eastern District of Texas as it is as convenient as other possible venues for witnesses and parties, and has ample resources to oversee this complex litigation.

### 2. The Existence of Tag-Along Cases in a Separate MDL Could Create Unnecessary Inefficiency and Inconsistent Rulings

Allowing two nearly identical sets of cases pro proceed in different MDL actions has the potential to result in duplicative proceedings with the potential for disparate rulings. *See In re Value Line Special Situations Fund Litigation*, 334 F.Supp. 999, 1000 (J.P.M.L.1971)("Unless...conflicting overlapping claims of class representation are presented to one judge, inconsistent determinations might result."). See also *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation*, 423 F.Supp. 937, 939 (J.P.M.L.1976)(finding that the cases had common factual issue relating to causation of plaintiffs' injuries as well as the liability of the defendants, and therefore, transfer of all the actions to a single district would prevent duplication of discovery and eliminate the possibility of conflicting pretrial pre-trial rulings.)

### III. CONCLUSION

Because MDL No. 2127 and MDL No. 2121 share common questions of fact pertaining to the very same incidences of conduct on the parts of the defendants leading to identical factual questions as to the damages suffered by the plaintiffs, as well as to prevent the risks of duplicative discovery and the risk of inconsistent rulings, plaintiffs respectfully request this Panel deny Witherspoon's motion. Plaintiffs renew their request that the Panel transfer this litigation in its entirety to the Eastern District of Texas for coordinated or consolidated proceedings.

Dated: November 16, 2009

Respectfully submitted,

*[signature]*

Eric D. Holland
Steven J. Stolze
HOLLAND, GROVES, SCHNELLER &
STOLZE, LLC
300 North Tucker Blvd., Suite 801
St. Louis, MO 63101
Phone: 314-241-8111
Facsimile: 314-241-5554 (Fax)
eholland@allfela.com
stevenstolze@sbcglobal.net

Gilbert T. Adams, III
State Bar No. 00790201
LAW OFFICES OF GILBERT T. ADAMS
1855 Calder Ave.
Beaumont, Texas 77701
Phone: 409-835-3000
Facsimile: 409-832-6162
Email:  gilbert@gta-law.com

*Attorneys for Plaintiffs, Bryan Roach
and Brandon Armstrong*

Michael J. Flannery
CAREY & DANIS, LLC
8235 Forsyth - Suite 1100
St. Louis, MO 63105
Phone: 314-725-7700
Facsimile: 314-721-0905
Email: mflannery@careydanis.com

*Attorney for Plaintiff Kevin Gagnepain*

James J. Rosemergy
CAREY & DANIS, LLC
8235 Forsyth - Suite 1100
St. Louis, MO 63105
Phone: 314-725-7700
Facsimile: 314-721-0905
Email: jrosemergy@careydanis.com

*Attorney for Plaintiff Jerry Jost*